UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>BURTON ORVILLE BENSON, and<br>ERIC BURTON BENSON,<br><br>    Defendants. | No. CR-12-00480 YGR<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER** |

Upon stipulation of the parties, the Court finds that there is good cause to enter a protective order regarding the documents and materials that will be produced by the United States to the defense as discovery in this matter. Therefore, the Court hereby **ORDERS**:

1. Except when being actively examined for the purpose of the preparation of the defense of defendants, the documents containing personal identifying and private financial information of third parties produced by the government to defense counsel shall be maintained in a secure location accessible only to the counsel for defendants, members of the defense counsels' respective firms who are working with defense counsel to prepare their assigned defendant's defense, along with defense counsels' respective experts, consultants, and/or

vendors. That discovery includes but is not limited to personal identifying information (such as social security numbers, employment data, addresses, telephone numbers, and birth dates) and private financial information (such as financial and banking account numbers, locations, and transactional records). Counsel for defendants, members of defense counsels' respective firms, the defendants, along with defense counsels' respective experts, consultants, and/or vendors shall not permit any person access of any kind to the documents or disclose in any manner the personal identifying and private financial information of third parties except as set forth below.

2. The following individuals may examine the documents and information related to the personal identifying and private financial information of third parties for the sole purpose of preparing the defense of defendants and for no other purpose:

    a) Counsel for the defendants;

    b) Members of the defense counsels' law offices who are assisting with the preparation of their assigned defendant's defense;

    c) The defendants and third party witnesses, but only in the presence of defense counsel or another authorized person listed in this paragraph except that the defendants may examine, outside the presence of counsel, a copy of such documents that is redacted to remove all personal identifying and private financial information of third parties;

    d) Experts, consultants, and/or vendors retained by the defendants to assist in the defense of this matter.

3. Defense counsel acknowledge their responsibilities pursuant to Fed. R. Crim. P. 49.1 and will redact discovery containing personal identifying information before filing it with the Court or sharing it with third parties who are not signatories to this protective order.

4. Within fourteen court days of the conclusion of this matter, defense counsel for both defendants shall return all materials provided to them pursuant to this Order, including all copies of the materials. If a defendant believes that he must maintain the material for any reason related to appeal, the defendant must seek authorization from the Court within 30 days of the filing of a judgment in this matter.

5. A copy of this order shall be maintained with the documents at all times.

6. All individuals other than defense counsel and the defendants who receive access to the materials pursuant to this Order, <u>prior to receiving access to the materials</u>, shall sign a copy of this Order acknowledging that:

    a) they have reviewed the Order;

    b) they understand its contents;

    c) they agree that they will only access the documents and information for the purposes of preparing a defense in this matter;

    d) they understand that failure to abide by this Order may result in sanctions by this Court.

Counsel for the defendant shall promptly file signed copies of the Order, *ex parte* and under seal. The government shall have no access to these signed copies without further order of the Court.

7. No other person may be allowed to examine the material without further court order. Examination of the documents shall be done in a secure environment which will not expose the materials to other individuals not listed above.

**IT IS SO ORDERED.**

Dated: September 11, 2012

HON. YVONNE GONZALEZ ROGERS
United States District Judge

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

The undersigned acknowledges that he or she:

    i. reviewed the attached Protective Order;

    ii. understands its contents;

    iii. agrees not to disclose the private personal, financial or medical information of the defendant or any third party disclosed in the documents that are produced by the United States as discovery in the matter of <u>United States v. Burton Orville Benson and Eric Burton Benson</u>, CR 12-00480 YGR;

    iv. understands that failure to abide by this Order may result in sanctions by the United States District Court for the Northern District of California; and

    v. agrees to submit to the jurisdiction of the District Court for the punishment of any violations of the Order.

| NAME | SIGNATURE | DATE |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |